# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARY LOCKAS,

               Plaintiff,

vs.

LOWE'S HOME CENTERS, L.L.C.;
BRIGHTVIEW ENTERPRISE
LANDSCAPES, L.L.C.; SNOWGO, L.L.C.;
JEFF LIMANOWSKI d/b/a SNOWGO; and
SNOWGO NATIONAL HOLDINGS
L.L.C.,

               Defendants.

Case No. 18-CV-01215-EFM

## AGREED PROTECTIVE ORDER

This case arises out of a slip and fall incident that allegedly occurred when plaintiff slipped on ice in a Lowe's parking lot. Plaintiff alleges that she sustained injuries as a result of the fall. Plaintiff contends the fall was caused by the negligence of the defendants.

Plaintiff and defendants Brightview Enterprise Landscapes L.L.C. and Lowe's have a mutual interest in the orderly and prompt production of discovery. Defendants have expressed concerns about the production of proprietary or sensitive information and documents in response to discovery propounded in this matter. Having weighed the issues related to having a court decide the propriety of a confidentiality designation, a compromise has been reached. The compromise, as set forth below, provides for mutual agreement of issues of confidentiality. For good cause shown under Fed. R. Civ. P. 26(c),

the court hereby enters the following Protective Order.

1.	Defendants may designate all documents or materials produced in this action, including but not limited to initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom, by defendants as confidential by marking the document as being produced pursuant to protective order, or other similar designation, if defendants believe in good faith such document contains or reflects trade secrets, commercial information, non-public proprietary information, or information not publicly disseminated as outlined below. Any designations placed on the paper documents, photographs or videotapes shall be placed so as to not obscure or obstruct any information on the document.

2.	As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

(A)	Documents containing confidential financial information;

(B)	Documents containing personal identification information, such as personnel files containing date of birth and social security number;

(C)	Proprietary business records, contacts and trade secrets;

(D)	Product design schematics, drawings and warnings;

(E) Internal policies and procedures;

(F) Documents containing information which a party is prohibited from publicly disclosing by applicable law or regulations.

"Document" means any writing or recording consisting of letters, words, numbers or images or their equivalent, set down by handwriting, typewriting, stenotype, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, electronic inputs and outputs, computer printouts or logs, computer history files or any other form of data compilation or recordation. Information or documents that are available to the public may not be designated as Confidential Information.

3. Notwithstanding any designation made pursuant to the preceding paragraph, the following documents shall not be subject to this Protective Order: (a) advertising materials; or (b) materials that on their face show that they have been published to the general public.

4. Documents designated by defendants as confidential may be freely disseminated to counsel appearing for any of the parties in this action, including paralegals, secretaries and other employees (including independent contractors) who are assisting counsel in this action subject to the terms of this Protective Order.

5. Documents designated by defendants as confidential may also be disseminated or made available to the following qualified person(s), provided that prior to disclosure to any such person(s), such person(s) shall execute an "Affidavit and Acknowledgment of Protective Order" in the form attached to the Order as **Exhibit A.**

    a. Any expert or other person with scientific or technical knowledge consulted by plaintiff's counsel in this action provided such persons agree not to reveal

such information or documents to any person not bound by this Protective Order. However, any such expert may testify at deposition or at trial pertaining to his or her opinions and the designated documents;

b. Any plaintiff in this action;

c. Any defendant in this action;

d. Any third party defendant in this action;

e. Any person whom plaintiff's counsel intends in good faith to call as a witness at the trial of this action and any person whom plaintiff's counsel in good faith believes will be called as a witness at the trial of this action;

f. Court reporters and video operators and their employees in the performance of their official duties.

In accordance with the D. Kan. guidelines for proposed protective orders, court personnel, mediators and jurors empaneled in the case are not bound by this protective order and shall not be required to execute Exhibit A.

6. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to ensure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

The mere designation of information as confidential pursuant to the protective order provisions may not be sufficient to satisfy the court's requirements for filing it under seal in light of the public's qualified right to access to court dockets.  Before filing a motion for leave to file under seal, the parties should consider other steps to prevent the unnecessary disclosure of confidential information in court filings such as filing redacted documents or other means short of filing under seal.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.  If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.  *Pro hac vice* attorneys must obtain sealed documents from local counsel.

7. Any deposition which contains testimony about, or otherwise sets forth documents, information or other materials which are designated by defendants as confidential, shall likewise be subject to the terms of this Protective Order.  Further, the designation of confidentiality of deposition testimony may be made on the record at a time of a deposition, or within thirty (30) days thereafter, at which time the testimony shall be subject to the full protection of this Protective Order.

8. All qualified persons to whom documents designated by defendants as confidential have been disseminated or made available, even after the conclusion of this litigation, shall be under a continuing duty not to reveal such information so long as such information is not otherwise available to the public.  Plaintiff's counsel shall maintain a list

or log of all persons to whom defendants' documents or things marked as confidential have been disseminated. The list or log and the written Acknowledgments of Protective Order shall remain confidential and not discoverable by defendants. However, a copy of the log and the acknowledgments, upon request, shall be provided to counsel of record for defendants within thirty (30) days of the final conclusion of this litigation.

9. After termination of this litigation, the provisions of this Protective Order shall continue to be binding on all attorneys, parties and anyone to whom documents designated confidential have been made available, except with respect to the documents and information that become a matter of public record or were not subject to this Protective Order. Within thirty (30) days of the termination of this litigation, counsel for plaintiff shall return to defendants all such documents designated as confidential, all depositions designated confidential pursuant to Paragraph 5 hereof, including all confidential exhibits, and all depositions referring to documents designated as confidential. This includes all documents, depositions, exhibits, and all copies thereof, provided to any person or party pursuant to Paragraphs 3 and 4 hereof and it shall be the responsibility of counsel for plaintiff to retrieve same and return them to defendants.

10. Nothing in this Protective Order shall be deemed a waiver of defendants' right to (a) oppose discovery upon grounds that the documents and information sought constitute or contain privileged information; or (b) object on any ground to the admission in evidence at trial of this action of any confidential information.

IT IS SO ORDERED.

Dated: April 26, 2019

                                                                     s/ James P. O'Hara
                                                                      U.S. Magistrate Judge

**APPROVED AND AGREED TO:**

PISTOTNIK LAW OFFICE LLC
*Attorneys for Plaintiff*

By:   /s/  Brian D. Pistotnik
     Brian D. Pistotnik,  #13396
     2831 East Central
     Wichita, KS  67214
     Telephone:  316-689-8035

HITE, FANNING & HONEYMAN L.L.P.
*Attorneys for Defendant Lowe's Home Centers, LLC*

By:   /s/  Jerry D. Hawkins
     Jerry D. Hawkins,  #18222
     100 North Broadway, Suite 950
     Wichita, KS  67202-2209
     Telephone:  316-265-7741
     Facsimile:  316-267-7803
     Email:  hawkins@hitefanning.com

McDONALD TINKER PA
*Attorneys for Defendant Brightview Enterprise Landscapes, LLC*

By:   /s/  Scott E. Sanders
     Scott E. Sanders,  #18744
     300 West Douglas, Suite 500
     Wichita KS  67202
     Telephone:  316-263-5851

# EXHIBIT A

## AFFIDAVIT AND ACKNOWLEDGMENT OF PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Protective Order dated April _____, 2019, in the case captioned Mary Lockas v. Lowe's Home Centers, L.L.C.; Brightview Enterprise Landscapes, L.L.C.; Snowgo, L.L.C.; Jeff Limanowski d/b/a Snowgo; and Snowgo National Holdings LLC, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date:_____  _____
                                            Signature