UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARY LOCKAS,

    Plaintiff,

v.                                        Case No. 18-1215-EFM

LOWE'S HOME CENTERS, L.L.C., et al.,

    Defendants.

## ORDER TO SHOW CAUSE

Plaintiff filed this personal injury case related to a slip and fall at a Lowe's store during icy conditions.[1] Shortly before a scheduling conference in November 2018, the parties jointly filed a motion to correct the caption and allow a third-party complaint.[2] The court allowed leave to amend the complaint to name the proper defendant, BrightView Enterprise Solutions, L.L.C. ("BVES").[3] The parties also agreed that BVES could file a cross-claim against its snow-removal contractor, SnowGo L.L.C.[4] Plaintiff filed her amended complaint on November 8, 2018.[5] On November 26, 2018, plaintiff filed a second

---

[1] ECF No. 34.

[2] ECF No. 26.

[3] ECF No. 28.

[4] ECF No. 37.

[5] ECF No. 29.

1

amended complaint to correct the name of the SnowGo defendants.[6] SnowGo, L.L.C., SnowGo National Holdings, L.L.C., and Jeff Limanowski, doing business as SnowGo, are now named defendants in this case, in addition to defendants Lowe's Home Centers, L.L.C. and BVES.[7] To date, counsel for the SnowGo defendants have not entered an appearance in this case and has therefore not received service of filings.

The second amended complaint alleges this court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are completely diverse.[8] However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists. To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where its incorporated and the state where its principal place of business is located.[9] And if the business is an unincorporated association (such as a limited liability company, general partnership, or limited partnership), its citizenship is determined by the citizenship of each one of its members.[10] The court has an independent obligation to satisfy

---

[6] ECF No. 34.

[7] *Id*.

[8] *Id.*

[9] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

[10] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

itself that subject matter jurisdiction is proper.[11] It "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[12]

Here, the second amended complaint indicates the principal places of business for the corporate defendants.[13] However, it is silent as to the identity and citizenship of the individual members of the limited liability companies: Lowe's Home Centers, L.L.C.; Brightview Enterprise Solutions, L.L.C.; SnowGo, L.L.C.; and SnowGo National Holdings, L.L.C. Thus, the allegations fail to establish citizenship for diversity jurisdiction purposes. Furthermore, given the complex procedural history and the alias summons that have been executed to various entities in this case, the court finds additional reason to confirm that diversity jurisdiction exists.

IT IS THEREFORE ORDERED that by **June 5, 2019,** the parties shall file a joint status report, with affidavits attached, demonstrating the citizenship of each of the defendants and showing cause why this case should not be dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED that the telephonic scheduling conference currently

---

[11] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[12] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

[13] *Id.*

set for May 28, 2019 is postponed until **June 13, 2019 at 9:00 a.m.** All counsel participating in this phone conference are directed to dial the conference center line 888-363-4749, using access code 8914911 to join the conference. The court obviously doesn't wish to proceed with this conference unless subject matter jurisdiction can be confirmed.

Additionally, an answer for SnowGo National Holdings, L.L.C. is due **May 23, 2019** (*see* ECF No. 46), and an answer for SnowGo, L.L.C. is due **May 28, 2019** (*see* ECF No. 47). The court wants to have the input of these two parties before entering a scheduling order. So, assuming the SnowGo defendants' timely answers, counsel now of record must conference with the former's counsel and then inform the court by **June 5, 2019** whether any modifications need to be made to the deadlines proposed in the Rule 26(f) planning report that was submitted to chambers on May 17, 2019.

Dated May 22, 2019, at Kansas City, Kansas.

                                            s/ James P. O'Hara
                                            James P. O'Hara
                                            U.S. Magistrate Judge